HOWARD *et al.* v. SMITH *et al.*

1.  **Will:** CONSTRUCTION : WIDOW'S RIGHTS : DISTRIBUTION OF ESTATE. A testator gave the use of all his property, real and personal, to his wife and five minor children until the youngest, only two years old, should reach his majority ; after which time he provided that his wife should have one-third, and the residue should be distributed among all of his eight children. *Held,—*

78  73
81  170

78  73
114  71

78  73
120  345

(1) That the widow's lawful share was prejudicially affected by the will, and that, without her consent, it was inoperative as to her.

(2) That the widow, having elected to take her one-third under the law, could not also take under the will the one-sixth of the use of the residue, in common with the minor children, until the youngest should be of age.

(3) That the widow's choice to take one-third absolutely, defeated the testator's purpose to keep the family together; that the will as to that became inoperative; and that it could be enforced no further than as to its provisions for making distribution among the devisees and legatees.

2. —— : —— : DISTRIBUTION. A testator devised the two-thirds of his property equally to his eight children, five of whom were minors, except that one thousand dollars was to be deducted from each of the shares of Addison and Alonzo (who were of age) and that Marion (who was of age) should have an equal share with the minors.    *Held* that Addison and Alonzo were each to have one-eighth, less one thousand dollars, and Marion one-eighth.

3. —— : ACTION FOR INTERPRETATION : COSTS. When an action is required to secure the interpretation of a will, the costs should be paid by the estate, as all the parties are equally interested; and this result is secured by requiring that they be paid by the executor and credited to him on his account.

*Appeal from Marshall District Court.*—Hon. J. L. Stevens, Judge.

## Filed, June 3, 1889.

Action to construe a will.    Both parties appeal from the decree of the court below.

*Henderson & Hargrave*, for plaintiffs.

*J. H. Bradley*, for defendants.

Beck, J.—I.    The plaintiffs were a son of the testator, and the assignee of another son, both legatees and devisees under the will.    They allege that it is ambiguous and uncertain, and ask that it be interpreted.    The defendants are the executor of the will and devisees and legatees named therein.    It is in the following language:

1. WILL: construction: widow's rights: distribution of estate.

"I, Joseph S. Howard, of the town of Liberty, county of Marshall, and state of Iowa, being aware of the uncertainty of life, and in failing health, but of sound mind and memory, do make and declare this to be my last will and testament, in manner following, to-wit: *First.* I hereby give, devise and bequeath unto my wife, Samantha Howard, and my five minor children, named as follows: John J. Howard, Charles B. Howard, Freddie G. Howard, Chelsea L. Howard and Isaac E. Howard, the use and benefits, profits and income from all of my property, both personal and real, including lands, horses, cattle, sheep, hogs and all other property, money or credits owned and kept on said farm, except such as is necessary to pay all of my indebtedness, and that is hereinafter disposed of by me, until the youngest of the above-named children shall become of lawful age. In the event that the said Samantha Howard should marry again, and cease to be my widow, she shall then only be entitled to the use and benefit of one-third of my estate ; the remaining two-thirds to still be used for the benefit of the five minor children, as above stated, and that, at the time of her marriage, the said property shall be divided and set apart, as above stated. Should she not marry until the youngest of said children shall become of age, then and at that time the said estate shall be divided as follows : One-third of all my property, both personal and real, to my wife, Samantha Howard, and the remaining two-thirds to be divided equal between all of my children, except that the amount of one thousand dollars shall be deducted from the share of Addison J. Howard, and also the sum of one thousand dollars shall be deducted from the share of the said Alonzo W. Howard, and Marion C. Howard shall have an equal share with the five children above named in this will. *Second.* I give, devise and bequeath to my son Addison J. Howard five hundred dollars at my death. *Third.* I give, devise and bequeath to my daughter-in-law Lucretia Howard, wife of Alonzo W. Howard, the sum of five hundred dollars at my death. *Fourth.* I give and devise to Marion C. Howard the sum of five hundred

dollars at my death ; and, *lastly*, I nominate and appoint Henry C. Smith, of Providence township, county of Hardin, and state of Iowa, as executor of this my last will and testament. In witness whereof, I, Joseph S. Howard, to this, my last will and testament, have hereunto set my hand and seal this second day of July, eighteen hundred and eighty-six. (1886.)

"(Signed) JOSEPH S. HOWARD. [Seal.]"

The plaintiffs pray that the will may so be interpreted as to determine the following matters : "(1) What interest said Samantha Howard has in the real, and what in the personal, estate of testator. (2) What disposition, if any, testator has made of the fee of his real estate in case said Samantha Howard shall remarry before the youngest of the minor defendants attains his legal majority. (3) What interest plaintiff Marion C. Howard has in the real, and what in the personal, estate of testator. (4) What interest plaintiff George S. Howard, as assignee of Addison J. Howard, has in the real, and what in the personal, estate of testator. (5) What disposition of the sum of two thousand dollars is made, when it shall be deducted from the shares of Addison J. and Alonzo W. Howard. (6) Whether the personal estate of testator is to be kept intact upon the premises where the same now is, and in what manner it is to be controlled and invested during the minority of the five minor defendants. (7) What disposition, if any, has testator made of the fee of his estate ? And if it be found that said will is doubtful, uncertain, and not to be clearly understood and readily executed, that it be declared null and void, and set aside, and testator's estate administered as intestate property."

II. Attention to the will clearly reveals the purpose of the testator to so dispose of his property as to induce his wife and children to keep the family unbroken until the youngest child shall become of age. It also reveals the fact that the testator entertained no purpose of attempting to do what the law forbids, *i. e.*, defeat the right of the wife to any part of his estate as is secured to her by law. The testator, doubtless being

advised of the law in this regard, proceeds to carry out his purpose of keeping his family together. The wife and children are to use and enjoy the property jointly. Upon the marriage of the wife this joint occupancy and use ceases, and she is then to take one-third of the property,—the part thereof secured to her by law,—and the minor children are to continue in the joint use of the property. When the youngest child arrives of age the property is to be divided as prescribed in the will. It appears that the youngest child is two years of age, and that the widow refuses to take under the will, and claims to take now one-third of the property,—her share under the will,—and to occupy and use the other two-thirds until the youngest child becomes of age. The will certainly deprives the widow of the right to hold, enjoy and use her distributive share of the estate for a great many years. Her share is therefore prejudicially affected by the will, which the law will not permit, unless she consents thereto. But she has not consented, and in her answer in this case declares that she will not. The will, therefore, is inoperative and void as to the provisions relating to the wife.

III. Now, surely, the wife cannot hold her distributive share under the law, and also hold under the will. This would defeat the intention of the testator by giving her absolutely one-third of the estate, and the use of one-sixth of the two-thirds until the youngest child becomes of age, when he intended she should use with the minor children the property ; thus receiving one-sixth of the whole until the majority of the youngest, when she should take her distributive share. The wife's refusal to take under the will utterly defeats the intention of the testator as to the enjoyment by the minor children of the whole estate with their mother until the majority of the youngest. The provision of the will as to the wife cannot be enforced. This defeats the testator's intentions upon which was based the provisions intended to keep the family together, namely, the withholding a distribution of the property until the youngest child becomes of age. It appears to us that the provision for the joint use of the property, and its

distribution after the youngest child becomes of age must fall together. The testator intended that his minor children and wife should jointly use the property until the youngest child became twenty-one years of age. But the wife's distributive share cannot be disposed of in this manner by the husband. If it be attempted to enforce the provisions of the will as to the minor children, they would occupy by themselves two-thirds of the property. The children would occupy the property under conditions different from those expressed in the will, as well as to a different extent. The intention of the testator as to the joint occupancy of the property until the youngest child should become of age, and as to the benefits to be derived therefrom, would be defeated. But the testator's intentions as to the distribution of the property to his children can be carried out. The will, therefore, can be enforced no further than as to its provisions making distribution among the devisees and legatees of the will.

IV. Alonzo and Addison are to have shares less by one thousand dollars each than the other children, and Marion's share is to equal the shares of the other children whose shares are not diminished by a reservation in the will. In other words, Addison and Alonzo are to take one-eighth, less one thousand dollars each, and Marion is to take one-eighth. The distribution from these directions can be readily made. These conclusions dispose of the points upon which questions were raised as to the interpretation of the will, both by plaintiffs and defendants. They need not be more specifically answered.

2. ——:——: distribution.

V. This action is plainly required to secure the interpretation of the will. It was not unnecessarily commenced. The costs ought to be paid by the estate, as all the parties are equally interested in securing an interpretation of the will. In this way they will be fairly and justly apportioned. The executor will pay the costs and will receive credit therefor in the settlement of his accounts. The conclusions which we reach require the case on the appeals of both parties to be          REVERSED.

3. ——: action for interpretation: costs.