J. A. LINGLE AND F. J. LINGLE, Proponents, Appellants, v. S. H. LINGLE, Contestant.

**Wills:** INCAPACITY: UNDUE INFLUENCE: EVIDENCE. Evidence of
1 advanced age and physical infirmity of a testatrix at the time of making a will is not sufficient to establish incapacity, but admissible on an issue of undue influence.

**Same:** INSTRUCTION. In a will contest where the evidence tends
2 to establish undue influence, it is error to instruct only on the issue of mental capacity when the same has been practically withdrawn.

**Objection to Instructions:** NEW TRIAL. An objection to instruc-
3 tions when given is sufficient to permit reference thereto in a motion for a new trial.

**Will Contest:** TAXATION OF COSTS. Where the proponents of a will
4 have no knowledge of its existence or contents and in good faith present it for probate, they should not be taxed with the costs of the contest.

*Appeal from Clarke District Court.*—HON. R. L. PARRISH, Judge.

WEDNESDAY, OCTOBER 7, 1903.

A will contest. Trial to a jury, and verdict and judg-emnt for the contestant. The proponents appeal.— *Reversed.*

*Stivers & Slaymaker* for appellants.

*Temple, Hardinger & Temple* and *Tallman & Crist* for appellee.

SHERWIN, J.—The contestant alleged that the testatrix was mentally incapable of making a valid will, and that the will was procured by the duress and undue influence of the proponents. The record presents no evidence which would warrant a jury or a court in finding that the testa-trix was mentally incapable of disposing of her property by will. Her advanced age and physical infirmities when the will was executed were not alone sufficient to prove such total disability mentally. Evidence as to her mental and physical condition at the time the will was made was admissible, however, on the issue of undue influence, for what would not be improper influence over a person in sound health might be held improper as to a person in feeble mental and physical condition. The court in-structed fully on the issue of actual mental capacity, and therein erred, for the reason we have already stated, and for the further reason that such issue was practially aband-oned by the contestant. *Stein v. City of Council Bluffs,* 72 Iowa, 180. The instructions were duly excepted to when given, and it was not necessary to again except or refer thereto in the motion for a new trial. *Ellis v. Leonard,* 107 Iowa, 487.

The instructions relating to the testatrix's preju-dice against her grandsons, who were not parties to the records were not prejudicial to the proponents, for if the will was the will of the proponents, rather than of the testatrix, it entirely fails. The will was

executed some six years before the death of the testatrix, and remained in her possession, in a sealed envelope, until she died, and it was then delivered to the clerk of the court. Neither of the proponents knew of its existence or its contents until it was opened and read by the clerk. It was formally and properly executed, and it was the duty of the proponents to offer it for probate. The record shows conclusively that they were acting in perfect good faith in so doing and in seeking to have it probated, and no reason appears why they should be charged with the costs of the contest. *Kirsher v. Kirsher*, 120 Iowa, 337.

The judgment is REVERSED.