IN RE NICHOLSON WILL, JOHN DOWNING, Appellant, v. ELIZABETH NICHOLSON, Executrix, Appellee.

**Wills:** PROCEEDINGS TO CONSTRUE: ATTORNEY FEES. An unsuccessful proceeding by an heir to have a will construed as to include him as a legatee will not authorize the payment of his attorney's fees by the executor under Code section 3415.

*Appeal from Allamakee District Court.*—HON. A. N. HOBSON, Judge.

FRIDAY, APRIL 15, 1904.

THE facts out of which this controversy grows are as follows: The will of John Nicholson, deceased, was probated in September, 1898, and Elizabeth Nicholson duly appointed executrix thereof. Said will contained the following among other provisions: "After paying the foregoing amounts, I give and bequeath the balance of my property to be equally divided between all of my nephews and nieces." John Downing, the petitioner in this proceeding, is a son and the only heir at law of Mary Fitzpatrick, a niece of John Nicholson, and who died in the year 1883. The said executrix having made her final report, in which said John Downing was not recognized as having any interest in said estate, he filed a petition in the probate proceedings, making the executrix a party thereto, asking that the will be so construed as to entitle him to a share in the distribution of the estate equal to that which would have gone to his mother, had she outlived the testator. The district court granted the order prayed for, but on appeal by the executrix to this court, such order was reversed. The opinion will be found in 115 Iowa, 493. It is conceded that the proceeding referred to were prosecuted in good faith by Downing, and that in connection therewith he incurred expenses, including the fees of his attorney, W. S. Hart, and the present proceeding is brought to secure an or-

der for the payment by the executrix of the amount of such expenses. The executrix appeared and made resistance, and after a hearing the trial court ordered payment of all taxable costs incident to said litigation, but refused any allowance as for attorney's fees. The petitioner appeals.—*Affirmed.*

*Wm. S. Hart* for appellant.

*D. J. Murphy* for appellee.

BISHOP, J.—In this state the matter of the allowance to litigants of costs and expenses, including attorney's fees, is regulated by statute. There is no authority, therefore, for making an allowance in any given case, save as such may be found in some legislative utterance. Counsel for appellant does not question the doctrine thus generally stated. His contention is predicated upon the proposition that the proceeding was one for the construction of the will of John Nicholson, and that such proceeding was made necessary on the part of petitioner, in that the executrix, herself one of the legatees under the will and adversely interested, had filed a final report wholly ignoring his claim and asserted rights in the premises, and that otherwise no judicial construction of the will and determination of such rights could have been had. Section 3415 of the Code is undoubtedly broad enough to authorize the payment out of the moneys of the estate the amount of attorney's fees incurred by an executrix in a proceeding to construe the provisions of a will. And the argument for appellant is that as he had a right to have a construction of the will, and as the executrix failed to act so that he was compelled to take the initiative, such allowance should be made to him as might properly have been made to the executrix. We may conclude that one who prosecutes in lieu of an interested or contumacious executrix, especially if done under an order or with the sanction of the court, and the sole purpose being to have a construction of the will, may have an allowance for his costs and expenses in such behalf expended. But as we read the record before us, we have no such situation

to deal with. In the first place, there was no occasion, in our view, for a construction of the provisions of the will, nor do we understand such to have been the object of the proceedings had. The devise of the testator was to his nephews and nieces. Here was no ambiguity, no uncertainty. The language is plain, and could admit of no controversy as to its meaning. It may well be that a controversy might arise as to the identity of the devisees, and such did arise in this case; petitioner contending that his mother's right to a share was not cut off by her death; that, on the contrary, such right was continued in him as her heir at law. It was his claim that he was a legatee under the will, and the proceeding instituted by him could have but one object, and that was to secure a pronouncement of the court respecting his status as such alleged legatee. Certainly the judgment went no further than to declare, as·a matter of law, that petitioner had no interest in the estate, in view of the fact that his mother's death preceded that of the testator. We think it must be said that the proceeding instituted by petitioner was one solely in his interest and for his benefit, and in no sense in the interest or for the benefit of the estate. It follows that the trial court rightly refused to direct the payment of the amount of his attorney's fees out of the estate.—Affirmed.