IN THE MATTER OF THE ESTATE OF THOMAS BERRY.

**Wills:** PROBATE: ALLOWANCE OF EXPENSES TO PROPONENT. While the fact that a widow, in presenting her husband's will for probate, had not been previously authorized by the court to act as proponent would not prevent the allowance to her out of the estate for expenses incurred; still, as the allowance of attorney's fees and expenses in probate matters is largely a matter of discretion with the court, and where as in this case the contest resolved itself into one of personal interest between the widow as proponent and the executor and heirs as contestants, and the establishment of the will was largely beneficial to the widow, refusal to allow her such fees and expenses was proper.

*Appeal from Sioux District Court.*—Hon. John F. Oliver, Judge.

Tuesday, March 5, 1912.

This is a proceeding in probate. It is an application on the part of the widow as the proponent of her husband's will for an order on the executor directing him to pay her the reasonable expense incurred by her in obtaining the probate of such will. The application was denied, and she appeals.—*Affirmed.*

*W. C. Leonard, Gerrit Klay,* and *Healy & Healy,* for appellant, Mary Berry.

*E. C. Roach* and *Van Oosterhout & Hospers,* for appellees.

Evans, J.—The facts of this case are somewhat out of the ordinary. The will of the deceased was admitted to probate after a contest. In such contest the widow appeared as the proponent and the children of the deceased as the contestants. The executor named in the will was John Berry, a son. He was one of the contestants and, as such, opposed the probate. The will was made in this state. With the exception of a few small bequests, the provisions of the will conformed to the statutes of descent in the state of Iowa. That is to say, one-third was devised to the widow, and the remainder was divided equally among testator's children. The occasion for the contest was that the decedent owned real estate in the state of Illinois of a value of $80,000 to $90,000. Under the statute of Illinois, the widow would take only a life estate in such real estate. The provisions of the will were therefore more advantageous to the widow than to the heirs-at-law. It is the contention of the widow that she should be reimbursed

out of the estate for the reasonable expense incurred by her in obtaining the probate of her husband's will. On the other hand, the executor contends that the widow acted upon her own initiative and without any order and sanction of the court, and that she acted solely in her own personal interest, and that she alone obtained the fruits of her success in obtaining the probate of the will.

It is conceded by both parties that, if the widow had been the executrix, the court could properly allow her the reasonable expense incurred by her in pressing the will for probate, and this, too, regardless of results, provided she acted in good faith. This has been the repeated holding of this court. *Meeker v. Meeker,* 74 Iowa, 352; *Perkins v. Perkins,* 116 Iowa, 253; *Lingle v. Lingle,* 121 Iowa, 133.

It is urged by appellee, however, that only the executor, or some person appointed for that purpose by the court, is entitled to incur such expense as a charge upon the estate. We are not prepared to assent fully to this distinction, although the practice suggested by it would be quite appropriate. There is nothing in our statute that designates the executor named in the will as the proponent thereof. We know no rule of law that would forbid any interested person from becoming the proponent of a will if others fail or refuse to act. If a dispute should arise between proponents as to which should control or direct the defense of a contest, a different question would be presented. But where, as in this case, the executor named becomes a contestant and no one appears as a proponent, it is quite beyond objection that the widow of the decedent act as a proponent of her husband's will and, as such, defend it against the contest. In the absence of statutory requirement, we can not think that it was legally necessary that she should obtain an appointment or order from the court in advance in order to improve her standing as a proponent, where no objection was made to her appearing

as such. It would be quite inconceivable that the court would refuse its sanction in such a case, and we do not think that the rights of the parties can now be made to depend upon the absence of such formality.

Assuming, therefore, that she was properly before the court as proponent of the will, was the court bound as a matter of law to charge up against the estate the reasonable expense incurred by her by way of attorney's fees in resisting the contest of the will? The appellant relies upon section 3415 of the Code, which provides as follows: "Such further allowances as are just and reasonable may be made by the court for actual, necessary, and extraordinary expense or services."

There is nothing in this provision of the statute which makes the allowance of attorney's fees obligatory upon the court even in favor of an executor. Where attorney's fees have been allowed, it has been upon the theory that they were incurred, not for the personal benefit of the executor, but in the performance of his duty to the estate as a whole. Where the contest is narrowed down to one of personal interest as between proponent and contestant, attorney's fees have not usually been allowed. *In re Nicholson*, 123 Iowa, 630; *Howard v. Smith*, 78 Iowa, 73; *Allen v. Seward*, 86 Iowa, 718.

The first two cases above cited relate to proceedings to construe a will, and the last to a case of contest. The last case was a contest between brother and sister, the only heirs of the decedent. The will greatly favored the sister, and she was the proponent. It was held that she was not entitled to attorney's fees out of the estate because the contest was essentially one of personal interest as between her and her brother, and that neither was entitled to recover attorney's fees. Somewhat similar was the case of *Kirsher v. Kirsher*, 120 Iowa, 337. In that case the costs of a successful contest were taxed against the estate, but no attorney's fees were allowed to either party. It was said

in the opinion by this court that such disposition "equalized" the burden.  The effect of our previous decisions up to this point is to leave something to the discretion of the trial court in the allowance or nonallowance of attorney's fees and such question is to be determined upon a consideration of the substantial facts and circumstances of the contest.

In the case before us, it is made to appear that about $20,000 was involved in the litigation of the contest because the provision of the will in favor of the widow was more valuable to her by that amount than her right of statutory descent would have been.  She employed lawyers of exceptional ability and incurred a very large expense.  The testimony in her behalf is that a reasonable fee for her attorneys would be $5,000.  This estimate of attorney's fees by the witnesses was based to an important extent upon the amount involved in the litigation.  The actual trial of the case occupied five days.  Manifestly, considerable and important services were rendered also in the preparation for trial.  The first trial resulted in a disagreement, and additional services were rendered in preparation for a second trial.  Before such second trial, the contest was abandoned.  The costs of the trial as distinguished from attorney's fees are not involved in this proceeding.

The amount *realized* in a successful litigation is always deemed an important consideration in determining the value of attorney's fees.  This is so not only because of the larger responsibility imposed, but also because of actual benefit realized.  It is evident that this rule could be applicable in this case only as against the beneficiary herself.

Looking upon the case in all its surroundings, we think it must be said that it was essentially a personal contest between the widow on the one hand and the heirs at law on the other.  We think the case is quite ruled by *Allen v. Seward, supra.*  There is the distinction that in

the cited case the contest was successful. But that fact has not heretofore been deemed controlling, although important as bearing upon the question of good faith. See, also, *In re Creighton's Estate,* 76 Neb. 625 (107 N. W. 979, 110 N. W. 626).

The trial court denied the allowance of attorney's fees. Upon the oral submission of the case, our first impressions inclined to the appellant. Upon full consideration, however, we reach the conclusion that the order of the trial court was proper, and it is accordingly *affirmed.*

WEAVER, J., dissents.