IN RE ESTATE OF L. C. BURGIN.

**EXECUTORS AND ADMINISTRATORS:** Claims—Attorney Fees on Unsuccessful Attempt to Probate Will. Beneficiaries under an alleged will who are unsuccessful in their attempt to probate the same against adversely interested heirs, may not recover from the estate of the deceased their outlay for attorneys' fees and witness fees.

*Appeal from Clay District Court.*—JAMES DELAND, Judge.

JUNE 25, 1921.

THE claimant, Ella M. Burgin, presented a claim against the administrator of her deceased husband's estate for reimbursement of expenses incurred by her for attorney fees and medical testimony in an unsuccessful attempt on her part to establish the purported will of the deceased husband. Her petition was dismissed, and she has appealed.—*Affirmed.*

*J. W. Cory & Son,* for appellant.

*Heald & Cook,* for appellee.

EVANS, C. J.—L. C. Burgin died in the latter part of 1915, and left surviving him his widow and two daughters as his only heirs at law. In April, 1908, he had executed a will. Shortly thereafter he was adjudged insane, and committed to the hospital at Cherokee, and there remained until his death. After his death, the widow, as the custodian of the will, filed the same, and later, as proponent, pressed it for probate. The probate thereof was contested by the daughters on the ground of mental incapacity. This defense prevailed, and probate was refused. The widow incurred a large expense in the way of attorneys' fees and fees of medical experts, amounting to more than $3,000. It is for these expenses that she claims reimbursement from the estate.

The only beneficiaries named in the will were the widow and daughters. In the will contest, the widow was represented by attorneys of her own choosing. Likewise, the daughters, in their contest of the same, were represented by attorneys of their own choosing. It is a case, therefore, where all the parties in interest have come voluntarily into court, and have tendered issue as between themselves, and have carried their contest to a final adjudication determinative of their rights. In such a case, no administrator, executor, or trustee of the estate was under any duty to intervene or to participate in any manner in the litigation. The adjudication between all the parties in interest became binding, not only as against them, but upon the estate as such, and upon any future administrator or trustee thereof.

The case presented is, therefore, one of that class where the voluntary litigants are deemed to be litigating in their own interest and at their own expense. Each litigant is subject to the risk of liability for costs. Neither litigant is liable for the attorney fees incurred by the other. To allow this claim would be to charge the daughters with two thirds of the attorney fees incurred by the mother, notwithstanding that they had carried the contest through their own attorneys at their own expense. The suit pressed by the widow for the probate of the will was not to the interest of the daughters. The contest successfully pressed by the daughters was not to the interest of the widow. In refusing to allow the claim, the trial court did not err. On the contrary, such holding was in strict harmony with our repeated holdings. *In re Estate of Berry,* 154 Iowa 301; *Allen v. Seaward,* 86 Iowa 718; *In re Estate of Smith,* 165 Iowa 614; *Kirsher v. Kirsher,* 120 Iowa 337; *St. James Orphans Asylum v. McDonald,* 76 Neb. 625 (107 N. W. 979, 110 N. W. 626); *In re Estate of Dalton,* 183 Iowa 1013; *In re Estate of McClellan,* 192 Iowa —. The order of the trial court is, therefore, affirmed.— *Affirmed.*

PRESTON, STEVENS, and ARTHUR, JJ., concur.