IN RE ESTATE OF LUCY B. JENKINS.

W. LAWRENCE OLIVER, appellant, v. JAMES G. McDOWELL, JR., administrator, appellee.

No. 48509.

(Reported in 65 N.W.2d 92)

W. Lawrence Oliver, of Des Moines, pro se.

James G. McDowell, Jr., of Des Moines, pro se.

Hays, J.—The record in this case is very brief and most of the facts, hereinafter set forth, are taken from the trial court's findings of fact which both parties apparently accept as correct. In August 1951, the will of Lucy B. Jenkins, deceased, was admitted to probate in Polk County, Iowa. Paul Morrison, the sole beneficiary thereunder, was appointed executor without bond. In October 1951, Joseph Franklin, an uncle of decedent, filed a contest of the will alleging mental incapacity and undue influence on the part of the said Morrison. On March 22, 1952, a jury returned a verdict finding the existence of both allegations and set aside the will. On March 24, 1952, W. Lawrence Oliver, an attorney at law and who handled all the preliminary probate proceedings and represented the executor in the will contest, filed an application for the court to fix his fees in representing said estate. On March 31, 1952, after notice to James G. McDowell, attorney of record for Joseph Franklin, contestant, the court entered an order fixing the fees at $1600 and made them a charge against the assets of the estate. On April 3, 1952, James G. McDowell was appointed administrator de bonis non of said estate. In August 1952, McDowell filed a motion to vacate the order of March 31, 1952, which was later joined in by the guardian ad litem for minor heirs of said decedent. In October 1953, the trial court entered an order vacating the order of March 1952 but allowing Oliver the sum of $200 for services rendered to the estate, prior to the will contest. Oliver has appealed.

■ I. Appellant assigns as error the vacating of the March 1952 order, contending that it was a final adjudication from which no appeal was taken. There is no merit to this claim. At the time the order was made the will had been set aside and administration had not been granted in said estate. The notice to McDowell was in fact no notice at all, so far as the estate was concerned. The order was clearly *ex parte* and subject to review by the court at any time during the probate proceedings. Section 638.9, Code, 1950; Storie v. District Court, 204 Iowa 847, 850, 216 N.W. 25; In re Estate of Metcalf, 227 Iowa 985, 289 N.W. 739; In re Estate of Swanson, 239 Iowa 294, 304, 31 N.W.2d 385.

■ II. Appellant further asserts error in the holding of the trial court that the fee of $1600 was not a proper charge against the assets of the estate. This claim is likewise without merit. Paul Morrison, while executor, was also the sole beneficiary under the alleged will. In defending the contest thereof he was in fact representing his own interests as against the heirs-at-law. Especially is this true, since it was found by the jury that he had exercised undue influence over testatrix in the procuring of the will. Under such circumstances costs of the contest including attorney fees are not ordinarily chargeable against the assets of the estate. In re Estate of Berry, 154 Iowa 301, 134 N.W. 867; In re Estate of Burgin, 191 Iowa 898, 183 N.W. 803; In re Estate of Swanson, 240 Iowa 1011, 38 N.W.2d 652. The trial court in the exercise of its discretion (In re Estate of Hayer, 233 Iowa 1343, 1350, 11 N.W.2d 593, 597) disallowed the $1600 fee but allowed a fee of $200 for services rendered by appellant to the estate. In this we find no error.

For the reasons above-stated the order of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.