IN RE ESTATE OF EDE E. LAW, deceased.

BURT G. LAW et al., objectors to will, appellants, v. ELIZABETH
L. BAILEY et al., proponents of will, appellees.

No. 50505.

FEBRUARY 6, 1962.

Watson, Elgin & Hoyman, of Indianola, and Killmar & Reynoldson, of Osceola, for appellants.

Charles D. Funaro, of Des Moines, Hansen, Wheatcraft & Galvin, of Des Moines, and Mason G. Ouderkirk, of Indianola, for appellees.

LARSON, J.—Mason G. Ouderkirk, the nominated executor in the will of Ede E. Law, deceased, filed an application to employ legal counsel, for attorney fees and costs to secure a witness from California, medical testimony, and the taking of depositions to sustain the will. Appellants resisted on the ground that all devisees and heirs of decedent were adults and all had appeared and pleaded pro or con in the contest. The trial court approved the application to employ legal counsel and ordered "The reasonable cost of the necessary services of said counsel to be paid from the assets of the decedent's estate regardless of the result of the will contest, * * *."

The court also sustained a motion to strike certain allegations from the appellants' objections to probate. Our permission having first been secured, appellants appeal from both rulings.

The questions presented by this appeal are whether the trial court erred (1) in sustaining the motion to strike, and (2) in

approving Ouderkirk's application to employ counsel to sustain the will and to obligate the estate to pay reasonable costs and attorney fees regardless of the result of the will contest.

The following is a brief statement of the existing circumstances disclosed by the record.

A document written in longhand by Ouderkirk purporting to be Ede Law's will, dated December 30, 1954, was filed by him in the Warren County District Court July 15, 1959.

Ede E. Law, a widow, residing in Indianola, Iowa, died July 12, 1959, at the age of 93 years. She was survived by four adult children, Burt G. Law and O. B. Law, objectors herein, and Andrew H. Law and Elizabeth Bailey, who are proponents of the will. They are her sole and only heirs-at-law, and no bequest was made to any other party.

On September 4, 1954, Andrew Law had obtained and recorded a deed from his mother for a 280-acre farm in Warren County. On September 28, 1954, at Ede Law's request, O. B. Law was appointed guardian of her person and property and so acted until her death. On October 28, 1954, he, as guardian of Ede, brought a suit in equity to set aside the deed to Andrew Law. Upon trial of that matter Ede was found to be of unsound mind on the date of its execution and the deed was set aside.

Ede's purported will took cognizance of that conveyance to Andrew, charged him with its value, and then divided the property equally between Elizabeth and Burt.

On July 23, 1959, Burt and O. B. Law filed their objections to probate. Elizabeth Bailey filed her answer to the objections on August 3, 1959. On August 7, 1959, Andrew Law filed a separate resistance and answer to the objections. Objectors then took discovery depositions of Dr. C. A. Trueblood and Mason G. Ouderkirk on September 19, 1959. Attorneys appeared for both Mr. Ouderkirk and Andrew Law at that time. On October 3, 1959, the objectors took discovery depositions of Elizabeth Bailey and again attorneys appeared for Ouderkirk and Andrew Law.

On October 12, 1959, Ouderkirk also filed a motion to strike paragraph 7 from appellants' objections, and the court's ruling thereon raises one of the questions in this appeal. O. B.

and Burt Law resisted that motion and objected to Ouderkirk's application to employ counsel. On August 29, 1960, proponents Ouderkirk, Elizabeth Bailey, and Andrew Law took discovery depositions of O. B. Law. On the same date Ouderkirk's application to employ counsel, and his motion to strike, were orally presented to the court, and its ruling was rendered on August 30, 1961. We shall consider these alleged errors in the order of their importance.

I. Appellants contend the court's approval of Ouderkirk's application to employ counsel in an effort to sustain the will was error for two reasons: (1) that he, as the named executor, was not shown to be the real party in interest, and (2) that the order was premature. We agree that the order was premature under the circumstances disclosed by this record.

Generally speaking, no positive or dogmatic pronouncements upon the question as to when a nominated executor may legally obligate the estate for expenses or attorney fees in an effort to probate or sustain a will are wise or possible. The extent of his duty depends upon the peculiar circumstances of each individual case. In other words, the circumstances must reveal a just cause for such expenditures. In re Estate of Swanson, 240 Iowa 1011, 1016, 38 N.W.2d 652; Butt v. Murden, 154 Va. 10, 152 S.E. 330, 69 A. L. R. 1048; Annotation, 40 A. L. R.2d 1409. It is stated in section 104, Model Probate Code, by Simes, page 120: "When any person designated as executor in a will, or the administrator with the will annexed, defends it or prosecutes any proceedings in good faith and *with just cause* for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceedings." (Emphasis supplied.)

Although on occasions we have stated it was the duty of the named executor in a will to offer it for probate and make all reasonable efforts to sustain its validity when contested, in all those cases we found that duty was affected by the circumstances which had reasonably required or justified his active participation in the matter in the interest of the estate. In re

Estate of Hayer, 233 Iowa 1343, 1350, 11 N.W.2d 593, 597; In re Estate of Swanson, supra.

On the other hand, where the circumstances revealed that all the parties in interest were voluntarily before the court and had joined issue as between themselves, we have held there was no substantial estate interest left and thus no just cause for the nominated executor to incur expenses or attorney fees in the contest. In re Estate of Berry, 154 Iowa 301, 134 N.W. 867; Kirsher v. Kirsher, 120 Iowa 337, 94 N.W. 846; In re Estate of Smith, 165 Iowa 614, 146 N.W. 836; In re Estate of Austin, 194 Iowa 1217, 191 N.W. 73; In re Estate of Burgin, 191 Iowa 898, 899, 183 N.W. 803. In the latter case it was pointed out that each heir or legatee is deemed to be litigating in his own interest and at his own expense, and where no special interest of the estate appears, expense to the estate usually is not justified. We recognized in such cases that to allow the proponents, directly or indirectly, such fees as estate costs, regardless of the outcome of the contest, often would unjustly compel the contestant to share in the cost of attorney fees of the party determined to be wrong. It was only in cases where there appears just cause that we have approved as estate expense attorney fees for the nominated executor. In the Swanson case where the executor had appealed from a district court approval of a "family settlement", attorney fees were not allowed for the appeal to us for the reason that no just cause then appeared to continue the contest. Thus, where the contest is narrowed down to one of personal interest only between proponents and contestants, attorney fees incurred by the nominated executor in the contest have not been allowed, indicating, at least while those conditions exist, there was no just cause for incurring attorney fees at the expense of the estate. In re Estate of Berry, supra; In re Will of Nicholson, 123 Iowa 630, 99 N.W. 300; Howard v. Smith, 78 Iowa 73, 42 N.W. 585; Allen v. Seaward, 86 Iowa 718, 52 N.W. 557. Both the Berry and Burgin cases were recently cited with approval in the case of In re Estate of Jenkins, 245 Iowa 939, 941, 65 N.W.2d 92. Also see cases listed in annotation, 40 A. L. R.2d 1409; 40 Iowa L. Rev., comment, page 524.

When special estate interests are disclosed or just cause appears, we have usually approved attorney fees for a nominated executor's effort to sustain the will by active participation in the contest. In re Estate of Swanson and In re Estate of Hayer, both supra.

II.   True, it is not always possible to determine prior to the litigation whether the interests of the estate involved are so distinct and different from the strictly personal interests of the proponents and the contestants to justify a nominated executor's active participation. Appellee Ouderkirk desired to resolve this uncertainty here, but must continue to carry his burden of proof.

The issue then arises as to whether the nominated executor has shown just cause to incur such expenses in an effort to probate or sustain the validity of this will. The question is not entirely new in Iowa. In In re Estate of Austin, supra, at page 1223 of 194 Iowa, we considered a similar situation where the trial court, upon application, " 'ordered that the said executor named in said will be authorized to defend said will and employ counsel so to do, at the expense of said estate.' " However, at the conclusion of the contest the court refused to tax proponents' attorney fees against the estate, and while we recognized the injustice in that situation, we upheld the denial upon the grounds that unsuccessful proponents of the will could not under those circumstances have their attorney fees taxed to the estate, citing In re Estate of Burgin, 191 Iowa 898, 183 N.W. 803.

It would, therefore, seem that we are committed to the rule that in order to obtain court authorization to employ counsel and obligate the estate for such fees regardless of the outcome of the contest, it is the duty of the applicant to show by the record just cause for such expenditure.

There is nothing in this record to support the contention that the welfare of the estate required the active assistance of the nominated executor. All of the heirs of decedent had appeared and the cause was at issue. It is true Elizabeth Bailey was not represented by counsel, but had filed an answer herself. It does not appear she could not reasonably represent

herself. If the will contest was successful, each heir would share equally. If it was not, O. B. would be excluded, and Elizabeth, Andrew and Burt would share in the estate. It is hard for us to see under what theory the estate as such would have any present interest in the outcome of that litigation. The vital issue as to Ede Law's competency, it appears, will be fully presented by those who have the only real interest therein. No minors, charities or other legatees are involved who may be affected by the outcome, and certainly Mr. Ouderkirk, who wrote the will, was not personally interested except as to possible fees, never recognized as sufficient to justify his participation. The only apparent purpose of the application by the named executor is to assist the proponents promote their personal interests and to charge a major portion of the attorney fees in the contest to the estate, win or lose. We cannot approve this practice under such a record, and the trial court's order in that regard must be vacated.

While we do not wish to hold an estate interest which requires protection may not appear in the future, we are convinced that if such an occasion should arise and just cause is shown, it will then be time to get court authorization or a later approval of such expenses as are deemed to be reasonable and necessary.

III. It is true we have often said considerable discretion is left to the trial court in the allowance or nonallowance of attorney fees. The question is usually determined upon a consideration of the substantial facts and circumstances of the contest. In re Estate of Berry, supra, 154 Iowa 301, 304, 305, 134 N.W. 867, 868. However, such an order is always subject to our review.

We said in In re Estate of Swanson, supra,, 240 Iowa 1011, 1016, 38 N.W.2d 652, 654, "While there is authority to the contrary, we think the better rule is that the estate's burden for costs may, in the discretion of the trial court, include attorney fees for the proponent's attorney." However, as pointed out therein, this discretion is not absolute and we need to qualify it by the requirement of just cause being first shown, especially when advance authorization is requested.

Since we hold that under this record no such cause appears which would justify the trial court's prior authorization to Ouderkirk to employ counsel and obligate the estate for such expenses regardless of the outcome of the contest, the cause must be reversed.

■ IV. Appellants further contend the trial court erred in sustaining Ouderkirk's motion to strike parts of paragraph 7 of contestant's objections to the will. Paragraph 7 provides:

"7. (1) *That Andrew Law, one of the proponents of the alleged Will, procured a Deed conveying real estate to him on September 4, 1954; and an action was brought by the said Guardian to set said Deed aside because of the unsoundness of mind of the deceased and undue influence practiced upon her on September 4, 1954.* (2) *Said action is entitled Obe Law, Guardian of Ede E. Law, infirm v. Andrew Law, et al., Equity No. 12431 in the Warren County District Court.* (3) Said action was fully tried to the Court and a ruling, decision and decree of said Court was entered in said Court and cause adjudicating that Ede E. Law was of unsound mind on September 4, 1954; and said Decree adjudicated that the said Ede E. Law was of unsound mind and incompetent on September 4, 1954. (4) That the records, files, judgment entry, and record of said Decree are hereby made a part of these objections by reference the same as those set out at length herein. (5) That the said Ede E. Law continued to be of unsound mind from September 4, 1954, until her death."

The italicized portion was stricken as irrelevant, incompetent and immaterial matter. In his brief and argument Ouderkirk admits paragraph 6 of the objections did set up the fact that on September 28, 1954, prior to the time of the alleged will, a guardian had been appointed over the person and property of Ede E. Law and that it continued in full force and effect until her death. However, he contends that it was not proper to plead and attempt to introduce the pleadings and evidence in the previous trial in which Mrs. Law was adjudicated incompetent. If that was the object of the motion to strike, we fail to see where the part deleted aids the appellees. Too much was

left in the paragraph to make the deletion of any substantial benefit to them.

Appellants, however, fear confusion as to what evidence may be excluded by the deletion.

While we are disposed to permit the paragraph to stand, we do find irrelevant any allusion to undue influence practiced upon decedent in that action and, commencing with the word "and" after the word "deceased" in the first sentence of paragraph 7, the following is struck, "and undue influence practiced upon her on September 4, 1954." The balance of the two sentences is restored to paragraph 7 of the objections so as to permit the trial judge his rightful discretion in admitting or excluding evidence in support of the incompetency issue.— Reversed and remanded.

All JUSTICES concur.