In the Matter of the ESTATE OF John HELLER, Deceased.

In the Matter of the Trust Under the Last Will and Testament of John HELLER Deceased.

In the Matter of the Conservatorship of Nicole HELLER, Andrea Heller, Mathew Heller, And Mark Heller, Minors;

Daniel Heller, Executor, Conservator, and Trustee, Appellant.

No. 87–1600.

Court of Appeals of Iowa.

March 16, 1989.

As Corrected March 21, 1989.

Robert Kohorst of the Kohorst Law Firm, Harlan, for appellant Daniel Heller.

Edward W. Bjornstad, Irwin, for appellees, the Heller children.

Robert W. Hall of Larson, Childs & Hall, Harlan, as guardian ad litem, appellee.

Richard A. Heininger of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellee Council Bluffs Sav. Bank.

J.C. Salvo of Salvo, Deren, Schenck & Lauterbach, Harlan, for Mary Lou Heller.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

This is an appeal by Daniel Heller, executor of the estate of his brother John Heller, and conservator and trustee for John Heller's four children, Nicole Heller, Andrea Heller, Mathew Heller and Mark Heller, all minors. Daniel challenges an order for attorney fees for an attorney serving as an interim attorney for the estate, trust and conservatorship. Daniel does not challenge the amount fixed for fees but contends they should not be ordered paid by the estate, trust and conservatorship. Daniel also contends his actions as fiduciary in the three matters should be approved. We affirm the trial court's decision to order the estate, trust and conservatorship to pay the attorney fees.

We determine approval of Daniel's actions as executor, trustee and conservator have not yet been addressed by the trial court. We remand to the district court for further proceedings consistent with this opinion.

John Heller was a single person when he died. His marriage to Mary Lou Heller was dissolved prior to his death. He and Mary Lou were the parents of Nicole, Andrea, Mathew and Mark. When John died the children were all minors. John's will appointed Daniel executor and gave him all the property as trustee for the children, giving him discretion to use the funds for the children's living and educational expenses. Each child was to receive an equal share of the remainder if they survived to age twenty-one.

Daniel was appointed conservator for the children after a joint request for the appointment was filed by Daniel and the children's mother, Mary Lou. As conservator, Daniel received $200,000 as the proceeds of a life insurance policy. Daniel filed applications in the estate proceedings to use the money to pay a Federal Land Bank mortgage encumbering property, including property in decedent's name. The applications were approved by the court and the payments were made.

A guardian ad litem challenged the payments claiming the notices to the minors on these applications were not sufficient, the payment to Federal Land Bank should not have been made, and Daniel should be removed as fiduciary in all three matters. The trial court ordered Daniel removed as fiduciary in all three matters. The court named the Council Bluffs Savings Bank as successor trustee in the estate, trust and conservatorship. Daniel appealed that decision contending among other things (1) the notices to minors were sufficient and not subject to challenge, and (2) he should not have been removed from his fiduciary position. The appeal was transferred to this court.

We determine the notice to the minors on the payment to Federal Land Bank was not sufficient. We found Daniel should not have been ordered removed as executor,

trustee and conservator and sued on his bond. We remanded to the trial court. *See In re Estate of Heller,* 401 N.W.2d 602 (Iowa App.1986). On October 14, 1987, the trial court filed an order fixing attorney fees for the attorneys for the Council Bluffs Savings Bank while it served as successor executor, trustee and conservator. The trial court also vacated the orders we determined were entered without sufficient notice to the minor children. Daniel has appealed the October 14, 1987 order.

## I.

The trial court entered an order directing the estate to pay the attorney fees incurred by the Council Bluffs Savings Bank while it served in the three fiduciary capacities. The order actually ordered the estate, conservators and trust together to pay the fee. No determination was made as to the respective responsibility of each for fees. Because the beneficiaries of all three are identical, we find it unnecessary to allocate fees between the estate, conservatorship and trust. When we refer to attorney fees due by the estate we are technically referring to attorney fees due by the estate, conservator and trust.

Daniel does not contest the amount of the fees. His contention is the fees should be paid by the bank, not the estate. Daniel contends the attorney fees were incurred by the bank to preserve its fiduciary positions, therefore were not of benefit to the estate and should not be charged to the estate.

We review the record de novo on this issue. *In re Estate of Brady,* 308 N.W.2d 68, 72 (Iowa 1981); *In re Estate of Simons,* 288 N.W.2d 549, 551 (Iowa 1980). However, considerable discretion is left to the trial court in the allowance or disallowance of attorney fees. *In re Estate of Law,* 253 Iowa 599, 605, 113 N.W.2d 233 (1962). This must be a reasonable discretion. *Simons,* 288 N.W.2d at 552.

There were two issues addressed in the appeal and the attorneys for the bank rendered legal advice on both issues. The first issue was whether the minors received proper notice and the second whether the bank should be retained as fiduciary.

■ The bank was not serving its own interest in advocating the position of the minors on the notice issue. The attorney for the bank claims our opinion in *Heller,* 401 N.W.2d at 602, supports a legal basis to recover money for the minors. *Heller* made no finding as to whether or not Daniel's actions should be approved and whether or not his actions as fiduciary were in the children's best interests. It may well be determined Daniel has in fact adequately performed in all fiduciary capacities. But that matter still has not been addressed and decided at the trial court level. The children have the right to have their interests represented on these issues and that right had been denied them. We determine the legal services for representation on this issue should be paid from the estate.

■ The attorneys for the bank also spent time and effort defending the bank's position that it should remain as fiduciary. The bank stood to earn fees for its continual services and to this extent we agree with Daniel the fees were expended to further the bank's own interests. For attorney fees to be paid by a fiduciary generally it is necessary to show a benefit to the beneficiaries and just cause for pursuing the matter. *See generally In re Estate of Cory,* 184 N.W.2d 693, 698–99 (Iowa 1971); *In re Estate of Swanson,* 240 Iowa 1011, 1015–17, 38 N.W.2d 652, 655 (1949); *In re Estate of Law,* 253 Iowa 599, 602, 113 N.W.2d 233, 235 (1962).

However, the fact the bank's position of advocacy may include its right to continue as fiduciary should not in and of itself indicate the bank was not performing a duty owed to the heirs, particularly where as here it was performing to uphold a position the district court had put it in after the district court had determined the existing fiduciary should be removed. *See Swanson,* 240 Iowa at 1016, 38 N.W.2d at 655. Generally, a resolution of these kinds of issues are dependent on the facts of each case. *Law,* 253 Iowa at 602, 113 N.W.2d at 235.

While we find no Iowa cases where attorney fees have been allowed where the attorney, as here, has not been successful in defending the position of the fiduciary, we find support for allowance of attorney fees where an attorney successfully defended a successor administrator in the supreme court on an order removing the original executor for mismanagement on a finding the estate benefited from the service. *See In re Estate of Myers*, 238 Iowa 1103, 29 N.W.2d 426 (1947).

The position the attorney advocated for the bank was a position that followed the recommendation of the guardian ad litem for the children. The attorney advocated upholding the district court order appointing the bank as fiduciary. We find the trial court was within its discretion in ordering the estate to pay the bank's attorney fees. We affirm the trial court on this issue. The issue of fees for the bank has been settled and is not before us on appeal.

## II.

Daniel next contends his acts as executor, conservator and trustee should be approved. The trial court entered an order vacating the order approving reports and directed Daniel to update his activities in all fiduciary capacities. Those dictates of the trial court have not yet been complied with. The issue not yet having been addressed at the trial court level, we do not consider it on appeal.

We remand to the trial court and direct Daniel shall within sixty days of the date of this decision file with the clerk of court a final report and accounting in the estate and interim reports in both the conservatorship and trusteeship. The matter should be set for hearing and notice should be properly served on all necessary parties. The trial court shall hold a hearing. Parties adversely affected shall have the right of appeal from final orders issued on matters not heretofore resolved.

AFFIRMED AND REMANDED.