In the Matter of the ESTATE OF Margaret OLSON, Deceased.

George W. HUFFEY and Jean Huffey, Appellees,

v.

Joseph LEA and Dorothy Lea, Appellants.

In the Matter of the ESTATE OF Margaret OLSON, Deceased;

Ambrose LEA, Appellant,

v.

OLD EAST PAINT CREEK CHURCH, Waldorf College, Donna Lea, Leatrice Huffey–McEvilly, Theresa Lea David, Christine Ladd, Adelaide Aldrich, Clara Fiet, Dorothy Lea, Signe Lea–Noth, Gilbert Lea and George W. Huffey, Appellees.

No. 90–1511.

Court of Appeals of Iowa.

Nov. 26, 1991.

William S. Smith, Waterloo, for appellants.

David J. Dutton and J. Scott Bayne of Mosier, Thomas, Beatty, Dutton, Brann & Staack, Waterloo, for appellees Huffeys.

HABHAB, Judge.

On June 16, 1986, Hjalmer Olson died survived by his wife, Margaret. Margaret, on June 18, 1986, executed a will leaving the bulk of her estate to her nephew, George Huffey, one of the appellees here. On July 16, 1986, Margaret executed a new will leaving the bulk of her estate to the appellants Leas. The Leas were also named executors of her estate.

In August of the same year, Margaret died. Her July 16, 1986, will was admitted to probate. That will was timely contested by the Huffeys. The Leas obtained counsel to defend the July 1986 will. Following a jury verdict setting aside the will[1], Judge Klotzbach, who presided over the proceedings, set the jury verdict aside and reinstated the will. On appeal, we reversed and reinstated the jury verdict. *In re Estate of Olson*, 451 N.W.2d 33 (Iowa App.1989).

During the course of the appeal, the Leas' attorney filed an application requesting attorney fees for defending the action brought to set aside the July 16, 1986 will. By order of court, the application was assigned to Judge Klotzbach, but hearing was postponed until procedendo issued on the then pending appeal.

Procedendo did issue and the July 16 will was set aside in accordance with the jury verdict. The application for fees was then brought to the attention of Judge Klotzbach. At a subsequent hearing, his impartiality was questioned. Over the strenuous objections of the Leas, Judge Klotzbach recused himself from consideration of the fee request. It was then assigned to Judge Van Metre, who, on September 10, 1990, denied the fee application. The Leas appeal this ruling.

Digressing for a moment, after the July 16, 1986 will was set aside and procedendo issued, the June 18, 1986 will of Margaret Olson was, on February 26, 1990, admitted to probate. A petition contesting this will was filed by Ambrose Lea, a beneficiary under the will but also a person who would take under the laws of intestate succession if the will is set aside, alleging in substance lack of testamentary capacity and undue influence. Thereafter, the Huffeys moved for summary judgment. Following a hearing, the district court granted the motion and, in effect, upheld the June 18, 1986 will. The Leas appeal this order. The two appeals have been consolidated for our consideration.

■ Our review in this case is de novo. Iowa R.App. 4; Iowa Code § 633.33; *In re Estate of Cory*, 184 N.W.2d 693, 696–97 (Iowa 1971). We address the issues in the order presented.

---

1. In setting aside the July 16, 1986, will, the jury found both undue influence and lack of testamentary capacity.

## I. *Judge's Recusal.*

The Leas first contend the trial judge, Judge William G. Klotzbach, erred by recusing himself from consideration of their application for attorney fees. Judge Klotzbach prior to the hearing on fees had indicated he considered the Leas' defense of the July 1986 will to have been in good faith.[2] That will had left the bulk of the estate to the Leas.

The Huffeys challenged the impartiality of Judge Klotzbach and objected to him deciding the issue of attorney fees. The Huffeys were the recipients of the bulk of the estate under the June 1986 will. That will was the one eventually upheld, pending the outcome of this appeal.

As we noted earlier, when Judge Klotzbach's ability to be impartial was challenged, he quickly recused himself. The Leas challenge the judge's recusal as an abuse of his judicial discretion. We disagree.

It is well established we will review a judge's decision to recuse him or herself only for an abuse of discretion. *State v. Smith*, 242 N.W.2d 320, 323–25 (Iowa 1976). In order to show an abuse of discretion, one generally must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 326 A.2d 138, 140 (1974)).

Under Iowa Code section 602.1606(1), a judicial officer is disqualified from acting in a proceeding if the officer has a personal bias or prejudice concerning a party. Canon 3 D(1)(a) of the Iowa Code of Judicial Conduct provides in part that a judge should recuse him/herself from a proceeding in which his/her impartiality might be reasonably questioned due to such bias or prejudice. Canon 3 D(1)(a) serves as a broad standard by which every judge should determine, sua sponte, whether self-disqualification is necessary after an in-depth search of his or her own conscience. *Smith*, 242 N.W.2d at 323.

In *Smith* the supreme court ruled only actual personal bias or prejudice, as distinguished from judicial predilection, gives rise to a disqualifying factor. *Id.* at 324. Thus, evidence presented in a trial of a prior cause or definite views on the law create no personal bias since they do not stem from an extrajudicial source. *Id.*

> The right to a change of judge is not an absolute one. The judge is entitled to consult his [her] own mind, and he [she], perhaps better than anyone else, knows whether or not he [she], can give a defendant on trial before him [her] a fair and impartial trial in every way.

*Smith*, 242 N.W.2d at 324 (citing *State v. Gibson*, 204 Iowa 1306, 1310, 214 N.W. 743, 745 (1927)).

The Leas contend the determination of good faith and just cause for allowance of attorney fees in a will contest is merely a procedural issue, rather than a question of fact. Our supreme court has decreed otherwise. *In re Estate of Brady*, 308 N.W.2d 68, 71 (Iowa 1981); *Cory*, 184 N.W.2d at 696–99. The Iowa Supreme Court has further stated: "[W]e believe it is ordinarily better practice for a judge not to sit as a trier of fact when his [her] impartiality has in good faith been questioned...." *Egan v. Egan*, 212 N.W.2d 461, 464 (Iowa 1973).

Upon reviewing the facts of this case, we determine the Huffeys' challenge to Judge Klotzbach was in good faith. The judge acted within his discretion in recusing himself. As the supreme court stated in *Smith*, the trial judge "perhaps better than anyone else, knows whether or not he [she] can give a [party] on trial before him a fair and impartial trial in every way." 242 N.W.2d at 324.

We believe Judge Klotzbach's decision to recuse himself rises to the level of the highest tradition of the Iowa judiciary. He is to be commended for his quick and decisive action. It once and for all removed

---

**2.** The record reveals that the judge suggested that he might be called as a witness in support of the Leas' position.

doubt as to the impartiality of the judge called upon to preside over this issue. It in effect preserved respect for the law and highlighted confidence in our judicial system. We hasten to add that we are much more reluctant to find an abuse of judicial discretion when the judge whose impartiality is questioned recuses him or herself than we are when a judge declines to do so. We affirm on this issue.

## II. *Attorney Fees.*

The Leas next contend the replacement trial judge, Judge Peter Van Metre, erred in denying their application for attorney fees. Iowa Code section 633.315 governs this issue. That section provides:

> When any person is designated as executor in a will, or has been appointed as executor, and defends or prosecutes any proceedings in good faith and with just cause, whether successful or not, that person shall be allowed out of the estate necessary expenses and disbursements, including reasonable attorney fees in such proceedings.

The existence of good faith and just cause is a fact question for the trial court to determine. *Brady,* 308 N.W.2d at 71; *Cory,* 184 N.W.2d at 696–99. However, our review is de novo. *Cory,* 184 N.W.2d at 699. The standard is an objective one, not a reference to the personal representative's reasonable belief. *See id.*

The Iowa Supreme Court has examined this question in considerable detail. The leading case in the area is *In re Estate of Law,* 253 Iowa 599, 113 N.W.2d 233 (1962), quoted extensively in *Cory,* 184 N.W.2d at 698–99. Its principles were reaffirmed in *Brady,* 308 N.W.2d at 71. The allowance of attorney fees in estate actions is left to the considerable discretion of the trial court, subject to appellate review. *Law,* 253 Iowa at 605, 113 N.W.2d at 236.

As an aside, we note it is better practice to obtain court authorization for attorney fees *before* commencement of the contemplated action. *Id.,* 253 Iowa at 602–04, 113 N.W.2d at 234–36; *see also Cory,* 184 N.W.2d at 698. We quickly add even if such approval is obtained, the burden still remains on the personal representative to show the action is motivated by good faith and just cause, rather than simply personal advantage.[3] *Law,* 253 Iowa at 603–04, 113 N.W.2d at 234–36 (citing to *In re Estate of Austin,* 194 Iowa 1217, 1223, 191 N.W. 73, 75 (1922)).

The trial court, Judge Peter Van Metre, stated:

> The facts of this case which have been finally determined by a jury and upheld by the Court of Appeals are that Dorothy and her sister exercised undue influence on the decedent during her terminal illness to obtain her signature to a will which drastically altered the plan of distribution which had been set up by the decedent for the property in her estate. This improperly obtained will gave the bulk of the decedent's estate to the applicants and their siblings and, in effect, frustrated the long-term plan as enunciated by the decedent frequently during her lifetime. It had the effect of depriving George Huffey of inheritance of a family farm, which clearly had been the decedent's intention until the undue influence was exercised.
>
> When this will was challenged by George Huffey, the [Leas] and their siblings retained [an attorney] in an attempt to uphold the will. This litigation was strictly for their personal benefit, and had nothing to do with the orderly administration of the estate. [The Leas] lost this litigation, which *had the effect of leaving in place the decedent's previous will* giving the bulk of her estate to Mr. Huffey, as was her original intention. They now seek to obtain a Court Order which, in effect, would force Mr.

---

**3.** We note the Leas did not obtain prior authorization from the trial court for attorney fees to prosecute or defend the underlying action contesting the July 1986 will. While such authorization is not dispositive, it is clearly encouraged by Iowa case law. *Law,* 253 Iowa at 602–04, 113 N.W.2d at 234–36; *see also Cory,* 184 N.W.2d at 698. In addition, there is support in the record for a finding the attorney retained by the Leas was retained by them personally and not by the estate.

Huffey to reimburse them for their expenses in attempting to take from him his rightful property.

This is unconscionable and the Court will not allow it. (Emphasis added.)

After reviewing the facts presented here and in the underlying case, *In re Estate of Olson*, 451 N.W.2d at 36–37, we find the trial court's denial of attorney fees is supported by the record. The trial court was within its discretion in denying payment of the Leas' attorney fees out of the estate. We affirm on this issue.

### III. *Summary Judgment.*

Finally, the Leas contend the trial court erred in granting the Huffeys' motion for summary judgment on the issue of the June 1986 will.

 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party, *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Gott*, 387 N.W.2d at 343; *Milne*, 424 N.W.2d at 423. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e).

It is here the Leas fail. The motion for summary judgment was properly sup-

ported as required under rule 237. It is at this juncture the Leas had to set forth specific facts showing a genuine issue of material fact for trial. Indeed, rule 237(e) further provides:

When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The Leas have failed to set forth specific facts as required under the rule. In the main, they argue that since there is a finding that Margaret Olson lacked testamentary capacity in July 1986, she therefore lacked that capacity in June of that year.

 This contention is without merit. Merely because a person has a certain state of mind at one point in time does not necessarily establish the same person had an identical state of mind at an earlier time. As it relates to testamentary capacity, proof of testamentary capacity must be applicable to the time of making the will. *Pearson v. Ossian*, 420 N.W.2d 493 (Iowa App.1988). In this respect, the evidence must be more than a scintilla to generate a jury question of material fact on the issue of testamentary capacity. *Id.* at 495.

 Considering the circumstances in the light favorable to the resisting party, at most the Leas have come forward with a mere scintilla of evidence as to the decedent's testamentary capacity on the date she executed the will in question. This is insufficient to generate the necessary genuine issue of fact to submit this cause to a jury.

As it relates to the charge of undue influence, we are unable to find any merit in this contention. There appears to be no other genuine issue of material fact. We determine the trial court correctly granted summary judgment on the Leas' challenge

to the June 1986 will. We affirm on this issue.

We affirm the trial court on all issues. Costs of this appeal are taxed to the appellants.

AFFIRMED.