In the Matter of the ESTATE of William H. SECRIST, Deceased.

Clarence W. SECRIST, Appellant,

v.

Gloria McEVOY, Executor in the Estate of William H. Secrist, Deceased et al., Appellees.

No. 54429.

Supreme Court of Iowa.

May 5, 1971.

William H. Wellens, Muscatine, for appellant.

Garry D. Woodward, Muscatine, for appellees Gloria McEvoy, Executor, and Gloria McEvoy, individually.

REES, Justice.

This is an action at law to set aside the probate of the will of one William H. Secrist. Plaintiff alleged undue influence and lack of testamentary capacity. Trial was to the court and at the close of all the evidence the court sustained a motion to direct, and plaintiff-contestant appeals. We affirm.

William H. Secrist died at the age of 85 years on December 26, 1967. He had been retired for a number of years and lived in a home owned by him, which he occupied in part, and a part of which he rented and had some little income from the rental thereof. His only other income was from Social Security.

Testator was a widower and was survived by three children, the plaintiff Clarence W. Secrist, and the defendants Harry E. Secrist and Helen Marie Mueller. The will in question, executed by the testator on December 6, 1965, was prepared for him by one John C. Fishburn, an attorney of Muscatine, and was executed in the presence of Mr. Fishburn and his wife as subscribing witnesses. By the terms of the will in question, the testator provided first for the payment of his funeral expenses and just debts, and devised and bequeathed the balance of his property to Gloria McEvoy, and further nominated Mrs. McEvoy as executor to serve without bond. No provision was made in the will for any of testator's children.

The record discloses the testator had made a series of wills, one on March 5, 1962, in which he devised all of his property in equal shares to his three children; one on June 26, 1965, which is identical in context with the will in question here; one on December 3, 1965, and the will which was admitted to probate executed on December 6, 1965. The last three wills were all prepared and witnessed by Mr. Fishburn. The will dated June 26, 1965 was lost or stolen, and had been in the possession of the proponent, Mrs. McEvoy, at the time of its disappearance. The scrivener, Mr. Fishburn, testified that he was not satisfied with the signature of the testator on the will dated December 3, 1965, and on his own motion saw to it that the will of December 6 was executed by the testator and signed by mark.

The proponent of the will, Gloria McEvoy, was a next-door neighbor of the testator. She had been acquainted with him for about 17 years, and she, her husband and children were all on intimate terms with Mr. Secrist, performed personal services for him, did his laundry, prepared meals, and did his housecleaning. These services had been performed by Mrs. McEvoy for the last three or four years of the decedent's lifetime. At one time an arrangement was made between the plaintiff Clarence Secrist and Mrs. McEvoy for her to "look in on him (Mr. Secrist) now and then", and Clarence Secrist was to pay Mrs. McEvoy at the rate of $40 per month for such services. This compensation was paid for two months only, (May and June, 1965).

During the last years of testator's lifetime, he had suffered a number of strokes, some of them light, and others of greater severity. During 1965 he was in the hospital and lost, partially at least, the use of his right arm and leg, which made it difficult for him to walk. He apparently had some difficulty with his speech after the

strokes and his powers of concentration were affected.

We have scrutinized the record and find no testimony of any witness which touches upon the capacity of the testator to make a will. Nor do we find any testimony which would serve to indicate the exercise upon the testator of any undue influence by the proponent of the will in question here.

I. In a will contest the burden of proof is on the contestant to establish testator was lacking in one or more of the essentials of testamentary capacity. Where this issue is involved, such burden is met by showing lack of mental capacity in one of these respects:

1. To understand the nature of the instrument he is executing.

2. To know and understand the nature and extent of his property.

3. To remember the natural objects of his bounty.

4. To know the distribution he desires to make of his property.

If his mental capacity is not equal to any one of these tests, he cannot make a valid will. In re Estate of Springer, 252 Iowa 1220, 1224, 110 N.W.2d 380, 383; In re Estate of Rogers, 242 Iowa 627, 47 N.W.2d 818; Hart v. Lundby, 258 Iowa 46, 54, 137 N.W.2d 642, 647.

Failure to call witnesses, expert or non-expert, or failure to ask questions of witnesses who are closely and intimately acquainted with testator, as to the question of mental capacity at the exact time of the making of the will, militates against the contestant, but evidence of the condition of the mind of the testator at other times may be received if there is a reasonable basis for the conclusion that it throws some light on his mental competence at the time his will was made. Hart v. Lundby, *supra*, 258 Iowa at 55, 137 N.W:2d at 647; In re

Estate of Burrell, 251 Iowa 185, 196, 100 N.W.2d 177, 184, and citations; In re Estate of Ruedy, 245 Iowa 1307, 1313, 66 N.W.2d 387, 390.

In the record before us there is no evidence, even remotely connected, with the testator's mental capacity at the time the will was executed. The scrivener of the will was examined and was not even interrogated as to the mental capacity of the testator at the time of the making of the will. We find nothing in the record before us which would tend to establish a lack of testamentary capacity on the part of the testator.

II. Nor do we find anything in the record before us which tends to establish the exercise of undue influence on the testator by the proponent of the will or anyone acting for her and in her interests. True it is she had adequate opportunity to influence the testator, but any disposition on her part to exercise undue influence upon him is not even inferred in the record. Importunity, request and persuasion, which do not control the making of the will, are not sufficient. Drosos v. Drosos, 251 Iowa 777, 788, 103 N.W.2d 167, 173; Hart v. Lundby, supra, 258 Iowa at 56, 137 N.W.2d at 648.

III. This action for the contest of a will was triable in probate as a law action. Section 633.33, Code, 1966. We do not find in the record a findings of fact and separate conclusions of law, but are mindful the record discloses the matter was disposed of by the trial court sustaining proponent's motion to direct verdict.

We find no reversible error in the record and affirm the trial court.

Affirmed.

All Justices concur, except REYNOLDSON, J., who takes no part.