346 N.W.2d 530 (1984)
In the Matter of the ESTATE OF Esther DAVENPORT, Deceased, Jean Marie Christensen, Executor.
John Albert DAVENPORT, Appellant,
v.
Jean Marie CHRISTENSEN, Appellee.
No. 69558.
Supreme Court of Iowa.
April 11, 1984.
*531 Morris C. Hurd, Ida Grove, and Sam S. Killinger of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for appellant.
Thomas L. McCullough of McCullough Law Firm, P.C., Sac City, for appellee.
Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, LARSON, and CARTER, JJ.
LARSON, Justice.
In this estate case the son, John Davenport, challenges his mother's will on the grounds of lack of due execution, lack of testimentary capacity, undue influence, fraud, and mistake.
The trial court granted a motion for summary judgment by the proponent and dismissed the petition to set aside the will. It found no genuine issue of material fact on any of the alleged grounds. The Court of Appeals affirmed, also finding no evidence to support the challenge. We agree.
While we have considered all of appellant's arguments, we find that the only one which merits discussion here is that of undue influence. The will left everything, approximately $500,000, to the testator's daughter, Jean Christensen.
The facts underlying this issue are simply put. Jean and her husband, residing in Colorado, had visited the mother in Iowa for about four days at the beginning of November, 1972. On the 29th of that month, the mother went to her attorney and had the will drawn. She died in 1981. Our question is whether, viewing the facts in the light most favorable to John, there is a genuine issue of material fact on the question of undue influence.
Undue influence must be such as to substitute the will of the person exercising *532 the influence for that of the testator, thereby making the writing express, not the purpose and intent of the testator, but that of the person exercising the influence. It must operate at the very time the will is executed and must be the dominating factor.
(Citations omitted.) In re Estate of Roberts, 258 Iowa 880, 888, 140 N.W.2d 725, 730 (1966).
The elements necessary to establish a finding of undue influence are:
(1) Susceptibility to undue influence,
(2) Opportunity to exercise such influence and effect the wrongful purpose,
(3) Disposition to influence unduly for the purpose of procuring an improper favor, and
(4) Result clearly the effect of undue influence. Matter of Estate of Herm, 284 N.W.2d 191, 200-201 (Iowa 1979). More than a "scintilla" of evidence is required. In re Estate of Cory, 169 N.W.2d 837, 842 (Iowa 1969).
The evidence with which John sought to show incompetence may arguably be said to minimally show susceptibility to undue influence. We will assume, for our purposes, that he has established evidence of the first element. Opportunity was arguably also established by the early November visit by Jean.
There is, however, no direct evidence to support the existence of the third element, "disposition."
John argues that the fourth element, "result," is shown because the will left all the property to Jean. The question to be decided in this case, then, is whether the facts here could support the "disposition" and "result" elements.
John contends the distribution of property under the will is sufficient evidence of both elements. While the fact that a will is "unnatural, unjust, or unreasonable" is a proper circumstance to be considered as tending to confirm the claim of undue influence, Frazier v. State Central Savings Bank, 217 N.W.2d 238, 243 (Iowa 1974), such reasoning is unpersuasive here. John received substantial joint-tenancy property upon the death of his mother.
Moreover, weak circumstantial evidence which at most raises the possibility of influence is not sufficient to support a finding of undue influence.
It is not sufficient that persuasion alone was asserted against the testator. The courts have rightly recognized that most persons assert some influence over others, through friendship or familial duties, which may have some tangential effect on their receiving a testamentary benefit. This influence is not tainted. Rather, undue influence must dominate the motives of the testator in executing his will. It must be equivalent to "moral coercion."
In order to support the burden of proof of undue influence, it is generally insufficient for the contestant to merely show inequality of distribution under the will, although that fact combined with other circumstantial evidence may support a verdict in contestant's favor. Likewise, a testator's physical or mental weaknesses is not sufficient to prove undue influence, although evidence of such weakness is admissible to show a tendency towards susceptibility to undue influence. It is also generally insufficient to show minimal acts of influence as evidence of undue influence. Rather, the contestant must show a continuing and persistent effort to unduly influence the testator which destroys the testator's free will.
(Footnotes omitted.) 1 S. Kurtz, Kurtz on Iowa Estates, § 4.45, at 175 (1981).
In our judgment, John's case rises only to the "scintilla" level. None of the Iowa undue influence cases allow such a claim on so little evidence. In particular, see In re Estate of Secrist, 186 N.W.2d 665 (Iowa 1971) and In re Estate of Latch, 162 N.W.2d 465 (Iowa 1968).
We here follow the general rule finding motive and opportunity alone insufficient *533 to support an inference of undue influence. See, e.g., Hart v. Lundby, 258 Iowa 46, 56, 137 N.W.2d 642, 648 (1965); In re Will of Grahlman, 248 Iowa 535, 552-54, 81 N.W.2d 673, 683-85 (1957); Estate of Veronico, 78 Ill.App.3d 379, 386-88, 33 Ill. Dec. 371, 376-377, 396 N.E.2d 1095, 1100-1101 (1979); In re Gorthy's Estate, 169 Neb. 769, 781-82, 100 N.W.2d 857, 864-65 (1960); Rothermel v. Duncan, 369 S.W.2d 917, 923 (Tex.1963).
Further, John offers no evidence connecting Jean's visit and the will, which followed by several weeks, from which to conclude the will was the product of undue influence.
Mere suspicion, surmise, conjecture, or speculation is not enough to warrant a finding of undue influence, but there must be a solid foundation of established facts upon which to rest an inference of its existence.
In re Knott's Estate, 164 Neb. 365, 370, 82 N.W.2d 568, 572 (1957). Accord, Kirkpatrick v. Raggio, 319 S.W.2d 362, 366 (Tex. Civ.App.1958).
The exertion of influence that was undue cannot be inferred alone from opportunity, but there must be some testimony, direct or circumstantial, to show that influence was not only present but that it was in fact exerted with respect to the making of the testament itself. There is no such evidence here.
Rothermel, 369 S.W.2d at 923.
Any time a will provides for other than an equal distribution, a disappointed heir could claim an inference of undue influence and a corresponding fact question because reasonable minds could always differ about the purpose of the distribution. But such a position would have the effect of giving a factfinder a carte blanche to rewrite most wills. Second guessing should not be permitted to void a will that complies with established guarantees of trustworthiness.
[A] solemn testament executed under the formalities required by law by one mentally capable of executing it should not be set aside upon a bare suspicion of wrongdoing.
(Citation omitted.) Rothermel, 369 S.W.2d at 922-23. Some significant factual basis is needed to support the claim and defeat the otherwise obvious intent of the testator. John's bare suspicions will not suffice.
AFFIRMED.