Albert **PEARSON** and Grace Pearson,
Plaintiffs-Appellees,

v.

Dorothy **OSSIAN,** Defendant-Appellant.

No. 87–416.

Court of Appeals of Iowa.

Jan. 27, 1988.

Walter M. Calinger of the Calinger Law Firm, Omaha, Neb., and LaVon Billings, Red Oak, for defendant-appellant.

Jacob J. Peters of Peters Law Firm, P.C., and Peter J. Peters of Peter J. Peters, P.C., Council Bluffs, for plaintiffs-appellees.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Defendant appeals from a district court judgment setting aside decedent Walter Pearson's will dated October 3, 1984, contending that there was insufficient evidence to present a jury question about the testamentary capacity of Walter Pearson. We affirm.

The decedent was born in 1906. In 1973, he suffered a stroke and had health problems until his death in October 1985. In 1975, the decedent and his wife moved into a low income retirement apartment. The decedent remained there, even after his wife died, until his own death. The defendant was the part-time executive director of the retirement village where decedent resided. The defendant drove the decedent to the attorney's office in order to change his will. A previous will executed in 1979 by the decedent had listed the plaintiffs as joint beneficiaries of his estate. The plaintiffs, decedent's brother and sister,

brought this action seeking to set aside decedent's October 3, 1984, will. The will named the defendant as sole beneficiary of his estate. The jury found that the defendant had not exercised undue influence over the decedent. However, the jury invalidated the will based on decedent's lack of testamentary capacity.

■ We first address plaintiffs' motion to dismiss. Plaintiffs argue that since defendant neither cites authority nor argues the issues in its brief, but instead sets forth six "propositions of law" for argument that, pursuant to Iowa Rule of Appellate Procedure 14(a)(3), defendant's issues should be considered waived and the appeal dismissed. *Osborne v. Iowa Natural Resources Council,* 336 N.W.2d 745, 747 (Iowa 1983). While we agree with plaintiffs that defendant's brief was difficult to follow for failure to utilize the proper format, we nonetheless in our discretion determine that dismissal is too severe a sanction and address the merits of the case.

Defendant contends on appeal that the district court improperly overruled her motions for directed verdict and motion for judgment notwithstanding the verdict because there was no evidence existing to submit the case to the jury or to support the jury's determination that decedent lacked testamentary capacity. Defendant argues bad health and old age are not sufficient to set aside a will. Defendant also argues that defendant's personal doctor, as well as some people in the retirement village, testified that decedent was competent in 1984.

The plaintiffs contend that the district court order should be sustained. They argue that the decedent had suffered numerous strokes since 1973; he was forgetful at times; during 1984, he told the plaintiffs that he was working in the Chicago stockyards which was incorrect; the decedent was depressed and was taking medication; and plaintiffs' medical expert reviewed the decedent's medical history and concluded that the decedent did not have the capacity to execute a will.

■ Our scope of review is for the correction of errors at law. Iowa R.App.P. 4; Iowa Code §§ 633.33 and 633.311 (1987). In determining whether a jury question was engendered when a party seeks a directed verdict, we apply the same principles as the trial court; specifically, we view the evidence in the light most favorable to the nonmoving party, regardless of whether such evidence is contradicted, to determine if reasonable minds could differ on the issue. *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443, 444 (Iowa App. 1984). If reasonable minds could differ, the issue is for the jury. *Id.*

■ Testamentary capacity requires a showing that decedent must know and understand 1) the nature of the instrument that is being executed; 2) the nature and extent of his property; 3) the natural objects of his bounty; and 4) the distribution he desires to make of his property. *Matter of Estate of Henrich*, 389 N.W.2d 78, 81 (Iowa App.1986). The proof of a mental deficiency must be applicable to the time of making the will. *Id.* However, evidence of the testator's condition of his mind at other times may be allowed if it throws light on the mental competence at the time the will was made. *Id.* The burden of proof on this issue is on contestants. *In re Gruis' Estate*, 207 N.W.2d 571, 573 (Iowa 1973).

■ If the evidence as to mental capacity of the testator is conflicting, the law is clear that a jury question is engendered. *Estate of Maier*, 236 Iowa 960, 969, 20 N.W.2d 425, 429 (1945). The evidence must be more than a scintilla to generate a jury question of material fact on the issue of testamentary capacity. *See Estate of Davenport*, 346 N.W.2d 530, 532 (Iowa 1984).

A review of the evidence in this case leads us to conclude the plaintiffs-contestants made out a prima facie case and presented ample evidence at trial attacking decedent's testamentary capacity. Construing the evidence in a light most favorable to plaintiffs, *see* Iowa R.App.P. 14(f)(2), reasonable minds could differ on whether decedent possessed the requisite testamentary capacity in executing his will

in 1984. Thus, the district court properly submitted the case to the jury and accordingly we affirm the district court's denial of defendant's motions for directed verdict and judgment notwithstanding the verdict.

Defendant also argues the district court erred in allowing plaintiffs to introduce the opinion of their medical expert. The plaintiffs' doctor's testimony as to the decedent's mental capacity related to his determination that the defendant had exercised undue influence over the decedent. Defendant argues the doctor's testimony should be stricken since the basis for his medical assumptions on decedent's mental capacity was not identified. We have reviewed the deposition of plaintiffs' doctor and summarily reject defendant's contention as being without merit.

We affirm the district court.

AFFIRMED.

SCHLEGEL, J., takes no part.