**In the Interest of T.J., A Minor Child, Appellant.**

No. 91–08.

Supreme Court of Iowa.

Sept. 18, 1991.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Asst. Atty. Gen., and Charles K. Phillips, Asst. Atty. Gen., for appellant.

Jack A. Faith, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this juvenile delinquency proceeding, the district court sustained the juvenile's motion to dismiss after the State rested. The court sustained the motion because the court believed the State failed to prove the alleged delinquent acts were committed within the state of Iowa. We affirm.

The State charged the juvenile, T.J., with the delinquent act of committing sexual abuse on a child under the age of fourteen on two occasions in October 1989. *See* Iowa Code §§ 709.1(3), 709.4(3) (1989).

During trial the child, L.C., testified she had had sexual intercourse with T.J. in October 1989. At the time she was twelve years old. This allegedly happened on two different occasions in T.J.'s home. L.C. said she lived one house away from T.J.

In addition to L.C., two other juveniles testified. One said he had witnessed the sexual intercourse on one occasion in T.J.'s home. Both said that T.J. had admitted having sexual intercourse with L.C.

None of the witnesses testified that the alleged delinquent acts took place in Sioux City, Iowa, where the delinquency petition alleged the acts took place. At the close of the State's case the juvenile moved to dismiss, urging that

in the area of jurisdiction under [Iowa Code] section 803.1 [the juvenile] court has jurisdiction of those crimes that are committed within the confines of the state of Iowa. There has been no showing in this record whatsoever that any crime was committed within the state of Iowa. The only testimony you have before you is that some sex act occurred at 1700 South Irene. Never has anyone ever testified Sioux City, Iowa. And without the State's presenting proof that this crime was committed within the state of Iowa, this court does not have jurisdiction and, therefore, the State has failed to prove its burden.

The juvenile court sustained the motion.

The State appealed, challenging this ruling. *See* Iowa Code § 232.133(1). The State thinks there is enough record evidence from which the juvenile court could have inferred the alleged delinquent acts took place in Sioux City, Iowa. We disagree.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. When reviewing a ruling on a motion to dismiss, we apply the same principles as the trial court. We view the evidence in the light most favorable to the nonmoving party to determine whether reasonable minds could differ on the issue. If reasonable minds could differ, the issue is for the fact finder. *Pearson v. Ossian*, 420 N.W.2d 493, 495 (Iowa App.1988).

Iowa Code section 232.8(1) gives the juvenile court "exclusive original jurisdiction in proceedings concerning a child who is alleged to have committed a delinquent act." Iowa Code § 232.8(1). Iowa Code section 232.2(12)(a) defines a delinquent act as "[a] violation of any *state law* ... which would constitute a public offense if committed by an adult." Iowa Code § 232.2(12)(a) (emphasis added). By inference, then, the law governing jurisdiction of criminal actions applies. That law, as pertinent to this case, is found in Iowa Code section 803.-1(1)(a):

A person is subject to prosecution in this state for an offense which the person commits within or outside this state, by the person's own conduct ..., if:

The offense is committed either wholly or partly within this state.

Here the charging document (delinquency petition) alleges that all of the elements constituting the delinquent acts occurred in Sioux City, Iowa. It was incumbent on the State to prove that the alleged acts occurred in Iowa.

We have carefully searched the record and find no direct evidence that the acts occurred in Sioux City—let alone in the state of Iowa. Nor was there circumstantial evidence from which the juvenile court could infer this jurisdictional fact.

True, reference was made to T.J.'s street address. And L.C. testified she lived one house away from T.J. where the alleged acts supposedly took place. Reference was also made to the school that both attended. But there was no testimony or other competent evidence to show that either landmark was in Iowa. We think the juvenile court properly refused to judicially notice this crucial fact.

Viewing the evidence in the light most favorable to the State, we conclude the State failed to prove jurisdiction. Accordingly, we must affirm.

AFFIRMED.