# IN THE COURT OF APPEALS OF IOWA

No. 14-0433
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**COREY VINTON PUTNEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

        Corey Putney appeals following his guilty pleas to one count of operating while intoxicated and one count of eluding. **AFFIRMED.**

        Douglas Cook of Cook Law Office, Jewell, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Eric Simonson, County Attorney, and Jonathan L. Holscher, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

Corey Putney appeals following his guilty pleas to one count of operating while intoxicated (OWI) and one count of eluding.

### I. Factual and Procedural Background

While investigating a report of a possibly intoxicated driver, an Eagle Grove police officer encountered Putney driving erratically on the roads of Wright County. The officer attempted to initiate a traffic stop, but Putney did not pull over. Several other officers joined in the pursuit. Putney led the officers through several counties on a low-speed chase. Officers laid stopsticks in the road, which deflated Putney's tires. When Putney finally stopped, he refused to exit the vehicle. Officers forcibly removed him, noting a strong smell of alcohol and Putney's red eyes. He refused a breathalyzer test.

Putney was charged by trial information with one count of operating while intoxicated,[1] one count of eluding,[2] and one count of driving while revoked.[3] Following a plea agreement with the State, Putney entered a written guilty plea to the operating while intoxicated charge and the eluding charge; the driving while revoked charge was dismissed. The plea was filed on December 9, 2013. The district court accepted the plea in an order on December 12, 2013. Putney's

---

[1] "A person commits the offense of operating while intoxicated if the person operates a motor vehicle . . . [w]hile under the influence of an alcoholic beverage . . . ." Iowa Code § 321J.2(1)(a) (2013).

[2] Eluding occurs when "the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop." Iowa Code § 321.279(1).

[3] "A person whose driver's license . . . has been . . . revoked . . . and who drives a motor vehicle while the license . . . is . . . revoked . . . commits a serious misdemeanor." Iowa Code § 321J.21(1).

guilty pleas waived the filing of a motion in arrest of judgment, and none was filed.

At the sentencing hearing, the State made its recommendations pursuant to the plea agreement: thirty days in county jail, all but four suspended on both charges. The district court questioned Putney about the events leading to his arrest and then deviated from the recommendation and sentenced Putney to 180 days in county jail, all but seven days suspended for the operating while intoxicated charge and all but ninety days suspended for the eluding charge to run concurrently. Putney appeals, claiming his counsel's performance during the plea and sentencing proceedings was deficient.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *King v. State*, 797 N.W.2d 565, 570 (Iowa 2011).

## III. Discussion

Putney raises two claims on appeal, each nominally nested within an ineffective-assistance-of-counsel claim to avoid his error preservation problems. First, he challenges the district court's sentence. He claims the court imposed the sentence based on its consideration of impermissible factors.[4] Second, he claims the district court failed to issue required express findings regarding his

---

[4] Putney asserts, "The error claimed . . . for preservation purposes is ineffective assistance of counsel." However, "errors in sentencing may be challenged on direct appeal even in the absence of an objection in the district court." *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). Putney was not required to assert his challenge to the district court's sentence in the form of an ineffective-assistance claim for this court to address its merits. We address the claim as presented: whether Putney suffered the ineffective assistance of counsel. We note the outcome is the same whether we address the merits directly or through the performance of counsel. Our analysis of counsel's efficacy includes an analysis of Putney's underlying assertion of error.

waiver of colloquy, the factual basis for his pleas was inadequate, and his pleas were not knowing and voluntary.[5]

To prevail on his ineffective-assistance claims,[6] Putney must prove by a preponderance of the evidence "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In analyzing the first prong, "counsel's performance is measured against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner." *State v. Adams*, 810 N.W.2d 365, 373 (Iowa 2012) (citation and internal quotation marks omitted). "[C]ounsel has no duty to raise issues that have no merit." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). Failure to prove either prong is fatal to the claim. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003).

---

[5] The State requests we consider this issue waived on appeal because Putney "has not alleged either a breach of duty or prejudice" and has not cited relevant authority to support his ineffective-assistance claim. We decline to do so. Putney's allegation of counsel's failure to perform an essential duty is clear from his brief, which states "trial counsel was ineffective for not filing a motion in arrest of judgment" because the trial court's order accepting the guilty pleas "makes no findings as to the factual basis, the waiving of the plea colloquy and whether the plea was voluntary and knowing." If the trial court erred, we can then determine whether the loss of any remedy to which he would have been entitled constitutes prejudice. Our ability to deem issues waived on appeal is discretionary. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue *may* be deemed waiver of that issue." (emphasis added)); *see also Pearson v. Ossian*, 420 N.W.2d 493, 494 (Iowa Ct. App. 1988) (noting discretionary nature of a waiver determination). We decline to exercise our discretion to deny Putney's ineffective-assistance claims without considering their merits because the alleged "failure to cite authority or argue the issues has not hindered our review or consideration of the issue." *See State v. Crone*, 545 N.W.2d 267, 271 n.1 (Iowa 1996).

[6] "We ordinarily preserve [ineffective-assistance] claims for postconviction relief proceedings. . . . We will resolve the claims on direct appeal only when the record is adequate." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We find this record adequate to resolve Putney's two claims on direct appeal.

A. Impermissible Factors

Putney's first claim concerns the sentencing court's alleged consideration of impermissible factors in sentencing. "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013) (quoting *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)). "Information contained in the minutes of testimony is not a permissible sentencing consideration if unproven." *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).

Putney's argument follows a multistep analysis. First, he claims his actions constitute six—not two—indictable offenses: eluding in Wright County, OWI in Wright County, eluding in Humboldt County, OWI in Humboldt County, eluding in Webster County, and OWI in Webster County. Based upon the assertion of six indictable offenses, he claims the district court could not consider any of the four offenses occurring in Humboldt and Webster County because he was only charged for the two offenses in Wright County. He circumvents the fact that he admitted to the supposed four other charges by claiming the sentencing court improperly teased out his admission through its own questioning, which contravened the rule excluding information contained only in the minutes of testimony from a sentencing court's considerations. Based on this line of reasoning, he now asserts his counsel was ineffective for failing to object to (1) the district court directly questioning Putney and (2) the district court's

consideration of impermissible factors, namely the four uncharged offenses in the other two counties.

We find Putney's claim to be fatally defective at the outset. His acts of driving while intoxicated and eluding the police constitute only two—not six—indictable offenses. Putney asserts that when an intoxicated driver crosses county lines, he has completed one offense and begins a second offense. This is not the law in Iowa.

We use "a number of tests in determining what constitutes multiple acts and thus could be considered multiple counts." *State v. Velez*, 829 N.W.2d 572, 581 (Iowa 2013). Our supreme court "delineated the tests as the separate-acts test, the break-in-the-action test, and the completed-acts test." *State v. Ross*, 845 N.W.2d 692, 702 (Iowa 2014). "[T]he goal in applying each test [is] to determine whether the record established a factual basis to convict the defendant of separate and distinct acts . . . or only a single continuous act . . . ." *Id.* None of the three tests indicate Putney's actions constituted multiple acts subject to multiple charges.

First, the separate-acts test asks whether "multiple charged offenses involving the same statute constitute a single, continuing offense or constitute multiple offenses." *Velez*, 829 N.W.2d at 581. The language of Iowa Code sections 321J.2(1)(a) and 321.279(1) indicates both provisions prohibit a course of action rather than prohibiting the individual acts of driving while intoxicated or eluding only within the bounds of a single county. *See id.* Putney's travels through all three counties constituted one continuing OWI offense and one continuing eluding offense. Second, the break-in-the-action test searches for a

temporal break between allegedly distinct offenses. *Id.* at 582. There was no break in the action when Putney drove his car over the county border—he simply continued to drive in the next county as he had in the previous one. Lastly, the completed-acts test asks whether the first offense was completed before the second one began. *Id.* at 583. We find no authority for the proposition that crossing a county line constitutes the completion of an ongoing violation. Indeed, it is clear that when Putney crossed a county line, he had not completed the acts of driving while intoxicated or eluding the police, both of which continued on into the next county.

Putney's actions constituted one OWI offense and one eluding offense. It is true the two offenses could have been charged in any *one* of the three counties in which they were committed. *See* Iowa Code 803.3(1) ("If conduct or results which constitute elements of an offense occur in two or more counties, prosecution of the offense may be had in any of such counties."). However, it is not true that the offenses may be charged in *all* of the three counties; doing so would contravene Putney's constitutional protection against multiple prosecutions for the same offense. *See* U.S. Const. amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . .").

Putney's predicate assertion that he committed six discrete offenses is contrary to our law, and the rest of his claim folds as a result. It was not improper for the sentencing court to consider the facts of the offenses for which it was sentencing Putney. Putney pleaded guilty to both offenses, so neither was unproven or uncharged. The court was permitted to question Putney directly. *See State v. Cuevas*, 288 N.W.2d 525, 532–33 (Iowa 1980). The facts before

the court regarding the entirety of Putney's OWI and eluding offenses were proper considerations for sentencing regardless of whether the court did in fact rely on them.

Because Putney's claims on the underlying merits of the asserted error are not correct, his counsel was under no duty to object to the court's questions or its reliance upon Putney's testimony regarding the facts behind the offenses. Because Putney has not demonstrated his counsel failed to perform an essential duty at sentencing, we deny his claim of ineffective assistance of counsel as it pertains to the district court's sentencing considerations.

B. Express Findings

Putney's second ineffective-assistance claim concerns the district court's alleged failure to expressly waive the plea colloquy, issue express findings of a factual basis for the plea, or issue express findings that the plea was entered knowingly and voluntarily. Iowa Rule of Criminal Procedure 2.8(2)(b) provides:

> The court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court . . . .
> . . . .
> The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

Our supreme court has carefully distinguished between a waiver of the "above procedures" described in the rule and a waiver of the court's duty to make a determination as to the factual basis and voluntary nature of a guilty plea. *See State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). "[T]he full in-court colloquy can be waived and the written plea can serve to establish substantial compliance

with the rule." *Id.* at 543. However, substantial compliance still requires a court determination that the defendant has been fully informed of the consequences of his guilty plea. *Id.* (citing *State v. Myers*, 653 N.W.2d 574, 577–78 (Iowa 2002)). A court *must* determine whether a factual basis for the plea exists and whether the plea is voluntary and intelligent regardless of a waiver. *Id.* at 543–44.

Putney claims the district court's reliance on his written guilty plea constituted a failure to make the necessary determinations. He rests the entirety of his argument on this court's holding in *State v. Earnest*, No. 13-0388, 2014 WL 472036, at *2–3 (Iowa Ct. App. Feb 5, 2014). In *Earnest*, we held:

> [T]he plea record discloses only Earnest's submission of a written guilty plea form and a court order setting the time for sentencing and requesting the preparation of an informal report. There is nothing in the record indicating the district court exercised its discretion in waiver of the plea colloquy, or discharged its duty to ensure Earnest's plea was made voluntarily and intelligently and has a factual basis, or accepted Earnest's plea. We decline to affirm based on the [court's] implicit rather than express discharge of [its] duties under the rule.

*Id.* at *3 (citations and internal quotation marks omitted). Based on the district court's failure to discharge its duties, we held Earnest's counsel was ineffective. Putney alleges, "This case is identical." We disagree.

In *Earnest*, the defendant filed a written guilty plea, and the district court filed its order for presentence investigation and appearance for sentencing on the same day. On appeal, this court specially noted that "[n]o signed order appears in the record" to reflect the district court's acceptance of the plea or the discharge of its duties under rule 2.8(2)(b).

This case is distinguishable. The district court formally accepted Putney's plea in its December 12, 2013 order, which states, "The Court, having complied

with [rule] 2.8(2), hereby informs Defendant that Defendant's plea of guilty to the above-referenced charges is hereby accepted." It also expressly noted, "Defendant asks . . . that sentence be imposed . . . without the formality of the record required by Rules 2.8 and 2.10." Lastly, the order includes language acknowledging Putney, "via the written guilty plea document, . . . states that [he] understands" the consequences of the plea as required by *Meron*.

The language of the order makes clear that the district court did discharge its duty to ensure the written plea was entered knowingly and voluntarily. The district court's expression that it complied with rule 2.8(2) demonstrates it also discharged its duty to ensure a factual basis existed to support the plea. And the order expressly notes the waiver of the colloquy proceeding. None of these characteristics are present in *Earnest*, in which the district court simply failed to file an analogous order.[7] Contrary to Putney's claim, this case is not "identical" to *Earnest*. In this case, there is evidence in the record that the court substantially complied with the requirements of rule 2.8(2). Therefore his counsel had no duty to move in arrest of judgment on the grounds alleged.

## IV. Conclusion

Putney has failed to establish by a preponderance of the evidence that his counsel failed to perform an essential duty during either the plea or sentencing stages of the proceedings before the district court. We therefore deny his ineffective-assistance-of-counsel claims.

**AFFIRMED.**

---

[7] Because this case is distinguishable from *Earnest*, we need not address the State's argument that *Earnest* was "wrongly decided."